IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.  1:11-CV-01526-RBJ-MJW

---

KIM F. SMITH and YULDUZ SMITH,

individually and as parents and next friend

of STANTON AZAM SMITH,

Plaintiffs,

v.

MONESSEN HEARTH SYSTEMS CO.,

CFM MAJESTIC U.S. HOLDINGS, INC.,

CFM U.S. CORPORATION, CFM CORP.,

2089451 ONTARIO LTD., CFM CANADA,

VAIL RESORTS, INC., PAUL BENGTSON,

MARY BENGTSON, SHEILA SCHULTHESZ,

and HENRY SCHULTHESZ

Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

A showing of good cause having been made in support of the entry of a protective order to protect the discovery and dissemination of confidential information or documents which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1

1.   This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Colorado Rules of Civil Procedure.

2.   As used in this Stipulated Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of any of the parties to this case. CONFIDENTIAL information shall not be disclosed or used for any purpose except: (1) the preparation and trial of this case, namely, that certain personal injury lawsuit in the United States District Court for the District of Colorado, specifically, *Kim F. Smith and Yulduz Smith, individually and as parents and next friend of Stanton Azam Smith v. Monessen Hearth Systems Company, et al.,* Civil Action No. 11-cv-01526-RBJ-MJW.; and (2) by any insurance company as required or authorized by any division of insurance regulation, statutory obligation or legal requirement, and/ or for the purpose of complying with laws and regulations applicable to the insurance company's business.

2

4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)  attorneys actively working on this case, including counsel for the Defendants in this case ("Defense counsel");

(b)  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)  the parties, including designated representatives for the entity defendants;

(d)  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)  the Court and its employees ("Court Personnel");

(f)  *court reporters and stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;*

(g)  deponents, witnesses, or potential witnesses;

(h)  those persons who are authorized to receive the CONFIDENTIAL information pursuant to Plaintiff's written authorization, court order, insurance department regulation, statutory obligation or legal requirement, and/ or for the purpose of complying with laws and regulations applicable to the insurance company's business;

(i)  the liability insurance carriers for the defendants named in this lawsuit; and

(j)  other persons by written agreement of all of the parties.

5.  Prior to disclosing any CONFIDENTIAL information to any person listed above

(other than attorneys actively working on this case, persons regularly employed by

3

attorneys actively working on this case, liability insurance carriers for the defendants in this lawsuit, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. Any Confidential document, such as a *medical record* or HIPAA authorization containing an individual person's Social Security Number or Taxpayer Identification Number, that is covered by this Stipulated Protective Order and is publicly filed, including but not limited to, in a federal or state court, shall have such person's Social Security Number or Taxpayer Identification Number partially or fully redacted.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or by providing all parties in this case through their attorneys a written notice that specifically identifies by Bate stamp number or other equally definite description each document to be designated CONFIDENTIAL.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be

Stipulated Protective Order
Smith vs. Monessen Hearth Systems, Co., et al.
Civil Action No. 1:11-CV-01526-RBJ-MJW

made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within the later of thirty (30) days after notice by the court reporter of the completion of the transcript or thirty days after approval of this Stipulated Protective Order by the United States District Court for the District of Colorado.

8.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.  At the conclusion of this case, unless other arrangements are agreed upon, documents properly designated as CONFIDENTIAL shall be destroyed as follows:

> (a)    CONFIDENTIAL documents retained by Defense counsel shall be destroyed in accordance with Defense counsel's regular business practices for records destruction unless a hold order from another court reasonably requires a longer retention period; and

> (b)    CONFIDENTIAL documents retained by liability insurance carriers for Defendants shall be destroyed at the earliest date that is in accordance with insurance regulations, hold orders issued by other courts, applicable statutory obligations and legal requirements and/or for the purpose of complying with laws and regulations applicable to the insurance company's business.

10.  This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11.  Any party may seek enforcement of this Stipulated Protective Order or damages and other appropriate relief for violation of this Stipulated Protective Order by bringing a motion before the United States District Court for the District of Colorado following notice to all parties and an opportunity for them to be heard.

///

///

Stipulated Protective Order
Smith vs. Monessen Hearth Systems, Co., et al.
Civil Action No. 1:11-CV-01526-RBJ-MJW

Dated: April 17, 2012


IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


CLAYEO C. ARNOLD

A PROFESSIONAL LAW CORPORATION

*Christine M. Doyle*
_____

Clayeo C. Arnold
Christine M. Doyle
Cliff L. Carter
Arnold Law Firm
865 Howe Avenue
Sacramento, CA 95825
cdoyle@justice4you.com
Ph: (916) 924-3100
Fax: (916) 924-1829
Attorneys for Plaintiffs, YULDUZ SMITH, individually
and as parent and next friend of STANTON AZAM SMITH
and as personal representative of the ESTATE OF KIM F. SMITH


FRANK PATTERSON & ASSOCIATES, P.C.

_____

Franklin D. Patterson
Brian D. Kennedy
Frank Patterson & Associates, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111
fdpatterson@pns-pc.com
Ph: (303) 741-4539
Fax: (303) 741-5043
Attorneys for Defendants, PAUL BENGTSON,

7

Dated: April 17, 2012


IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


CLAYEO C. ARNOLD

A PROFESSIONAL LAW CORPORATION


---

Clayeo C. Arnold
Christine M. Doyle
Cliff L. Carter
Arnold Law Firm
865 Howe Avenue
Sacramento, CA 95825
cdoyle@justice4you.com
Ph: (916) 924-3100
Fax: (916) 924-1829
Attorneys for Plaintiffs, YULDUZ SMITH, individually
and as parent and next friend of STANTON AZAM SMITH
and as personal representative of the ESTATE OF KIM F. SMITH


FRANK PATTERSON & ASSOCIATES, P.C.


---

Franklin D. Patterson
Brian D. Kennedy
Frank Patterson & Associates, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111
fdpatterson@pns-pc.com
Ph: (303) 741-4539
Fax: (303) 741-5043
Attorneys for Defendants, PAUL BENGTSON,

7

Stipulated Protective Order
Smith vs. Monessen Hearth Systems, Co., et al.
Civil Action No. 1:11-CV-01526-RBJ-MJW

MARY BENGTSON, SHEILA SCHULTHESZ,
and HENRY SCHULTHESZ


BAYER & CAREY, P.C.


_____

Laura A. Tighe
Teri L. Vasquez
Bayer & Carey, P.C.
1660 Downing Street
Denver, CO 80218
tvasquez@bayerlaw.com
Ph: (303)-830-8911
Fax: (303)-830-8917
Attorneys for Defendant, VAIL SUMMIT RESORTS, INC.
d/b/a Breckenridge Property Management


DINSMORE & SHOHL




_____

Kara M. Stewart
Brady W. Dunnigan
Dinsmore & Shohl LLP
250 West Main Street, Suite 1400
Lexington, KY 40507
kstewart@dinslaw.com
Ph: (859) 244-7128
Fax: (859 244-7111
Attorneys for Defendant, MONESSEN HEARTH SYSTEMS CO.


8

MARY BENGTSON, SHEILA SCHULTHESZ,
and HENRY SCHULTHESZ


BAYER & CAREY, P.C.


_____

Laura A. Tighe
Teri L. Vasquez
Bayer & Carey, P.C.
1660 Downing Street
Denver, CO 80218
tvasquez@bayerlaw.com
Ph: (303)-830-8911
Fax: (303)-830-8917
Attorneys for Defendant, VAIL SUMMIT RESPORTS, INC.
d/b/a Breckenridge Property Management


DINSMORE & SHOHL


_____

Kara M. Stewart
Brady W. Dunnigan
Dinsmore & Shohl LLP
250 West Main Street, Suite 1400
Lexington, KY 40507
kstewart@dinslaw.com
Ph: (859) 244-7128
Fax: (859 244-7111
Attorneys for Defendant, MONESSEN HEARTH SYSTEMS CO.


8

11

## ORDER

Pursuant to the preceding Stipulation, this Stipulated Protective Order is approved, ordered and entered this 23ʳᵈ day of April, 2012. This Stipulated Protective Order may be modified or enforced by the Court at any time, for good cause shown, following notice to all parties and an opportunity for them to be heard.

HONORABLE MICHAEL J. WATANABE
UNITED STATES MAGISTRATE JUDGE

9