IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01526-RBJ-MJW

YULDUZ SMITH, individually,
and as parent and next friend of
STANTON AZAM SMITH,
and as personal representative of the
ESTATE OF KIM F. SMITH,

Plaintiff(s),

v.

MONESSEN HEARTH SYSTEMS CO.,
CFM MAJESTIC U.S. HOLDINGS, INC.,
CFM U.S. CORPORATION,
CFM CORP.,
2089451 ONTARIO LTD.,
CFM CANADA,
VAIL SUMMIT RESORTS, INC., d/b/a BRECKENRIDGE PROPERTY MANAGEMENT,
PAUL BENGTSON,
MARY BENGTSON,
SHEILA SCHULTHESZ,
HENRY SCHULTHESZ, and
JOHN DOE DEFENDANTS 1 and 2,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT
TO FED. R. CIV.P. 37(A) AGAINST DEFENDANT VAIL SUMMIT RESORTS, INC.,
D/B/A BRECKENRIDGE PROPERTY MANAGEMENT (DOCKET NO. 106)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court for consideration on Plaintiff's Motion to Compel

Production of Documents Pursuant to Fed. R. Civ. P. 37(a) Against Defendant Vail

Summit Resorts, Inc., d/b/a Breckenridge Property Management (docket no. 106). The

court has reviewed the subject motion (docket no. 106), the response (docket no. 112), and the reply (docket no. 124).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on January 13, 2012, Plaintiff's Request for Production of Documents ("RFP") No. 13 was served on Defendant Vail Summit Resorts, Inc., d/b/a Breckenridge Property Management ("Defendant Vail").  RFP No 13 states;

    > All documents concerning and policy, procedure, program or protocol concerning the inspection, maintenance or servicing of the premises or the inspection, maintenance or servicing of the fireplace.

5. That the term "premises" was defined as Room 1403, the rented condominium unit where the injuries occurred;

6. That in response to RFP No. 13, Defendant Vail objected on the

3

grounds that such RFP is overly board, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence;

7. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed

4

discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c).

A given topic is relevant if it has "the mere tendency" of making any material fact more or less probable. Fed. Deposit Ins. Corp. v. Wise, 139 F.R.D. 168, 170 (D. Colo. 1991). See Fed. R. Evid. 401; and

8. That RFP No. 13 seeks information that is relevant and reasonably calculated to leave to the discovery of admissible evidence. The requested documents are relevant to whether Defendant Vail Resorts, as a "landowner," exercised reasonable care to guard against dangerous conditions on the subject property. Furthermore, RFP No. 13 is not overly broad since Plaintiff has limited the scope of RFP No. 13 to the maintenance and inspection procedures and protocols pertaining to the fireplace and the interior of Room 1403. Accordingly, Defendant Vail's objections to RFP 13 on the grounds that RFP No. 13 is overly broad, irrelevant, and not reasonably calculated to lead to discovery of admissible evidence are overruled.

5

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. Plaintiff's Motion to Compel Production of Documents Pursuant to Fed. R. Civ. P. 37(a) Against Defendant Vail Summit Resorts, Inc., d/b/a Breckenridge Property Management (docket no. 106) is **GRANTED**. Defendant Vail Summit Resorts, Inc., d/b/a Breckenridge Property Management shall provide to Plaintiffs the maintenance and inspection procedures and protocols pertaining to the fireplace and the interior of Room 1403 on or before July 31, 2012; and

2. That each party shall pay their own reasonable expenses for the subject motion (docket no. 106) since I find that under the facts and circumstances surrounding the subject motion an award of reasonable expenses would be unjust.

Done this 16th day of July, 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE