IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01526-RBJ-MJW

YULDUZ SMITH, individually,
and as parent and next friend of
STANTON AZAM SMITH,
and as personal representative of the
ESTATE OF KIM F. SMITH,

Plaintiff(s),

v.

MONESSEN HEARTH SYSTEMS CO.,
CFM MAJESTIC U.S. HOLDINGS, INC.,
CFM U.S. CORPORATION,
CFM CORP.,
2089451 ONTARIO LTD.,
CFM CANADA,
VAIL SUMMIT RESORTS, INC., d/b/a BRECKENRIDGE PROPERTY MANAGEMENT,
PAUL BENGTSON,
MARY BENGTSON,
SHEILA SCHULTHESZ,
HENRY SCHULTHESZ, and
JOHN DOE DEFENDANTS 1 and 2,

Defendant(s).

---

ORDER REGARDING

[1] DEFENDANT VAIL SUMMIT RESORT'S MOTION FOR LEAVE TO FILE NON-PARTY DESIGNATION (DOCKET NO. 108);

[2] DEFENDANT MONESSEN HEARTH SYSTEMS COMPANY'S JOINDER IN DEFENDANT VAIL SUMMIT RESORT'S MOTION FOR LEAVE TO FILE NON-PARTY DESIGNATION (DOCKET NO. 110);

[3] DEFENDANTS PAUL BENGTSON'S, MARY BENGTSON'S, SHEILA SCHULTHESZ'S AND HENRY SCHULTHESZ'S JOINDER IN DEFENDANT VAIL SUMMIT RESORT'S MOTION FOR LEAVE TO FILE NON-PARTY DESIGNATION (DOCKET NO. 121);

[4] DEFENDANTS PAUL BENGTSON'S, MARY BENGTSON'S, SHEILA

SCHULTHESZ'S AND HENRY SCHULTHESZ'S JOINDER IN DEFENDANT VAIL SUMMIT RESORT'S MOTION FOR LEAVE TO FILE NON-PARTY DESIGNATION (DOCKET NO. 122);

[5] DEFENDANT VAIL SUMMIT RESORT, INC.'S MOTION FOR F.R.C.P. [SIC] 35 PHYSICAL EXAMINATIONS AND REQUESTS FOR EXPEDITED BRIEFING SCHEDULING AND/OR FORTHWITH HEARING (DOCKET NO. 114);

[6] DEFENDANT MONESSEN HEARTH SYSTEMS COMPANY'S JOINDER IN DEFENDANT VAIL SUMMIT RESORT, INC.'S MOTION FOR F.R.C.P. [SIC] 35 PHYSICAL EXAMINATIONS AND REQUESTS FOR EXPEDITED BRIEFING SCHEDULING AND/OR FORTHWITH HEARING (DOCKET NO. 117);

[7] DEFENDANTS PAUL BENGTSON'S, MARY BENGTSON'S, SHEILA SCHULTHESZ'S AND HENRY SCHULTHESZ'S JOINDER IN DEFENDANT VAIL SUMMIT RESORT'S MOTION FOR LEAVE TO FILE NON-PARTY DESIGNATION (DOCKET NO. 120);

[8]  DEFENDANTS PAUL BENGTSON'S, MARY BENGTSON'S, SHEILA SCHULTHESZ'S AND HENRY SCHULTHESZ'S JOINDER IN DEFENDANT VAIL SUMMIT RESORTS, INC.'S MOTION FOR F.R.C.P [SIC] 35 PHYSICAL EXAMINATIONS AND REQUESTS FOR EXPEDITED BRIEFING SCHEDULING AND/OR FORTHWITH HEARING (DOCKET NO. 123)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on [1] Defendant Vail Summit Resort's Motion for Leave to File Non-Party Designation (docket no. 108); [2] Defendant Monessen Hearth Systems Company's Joinder in Defendant Vail Summit Resort's Motion for Leave to File Non-Party Designation (docket no. 110); [3] Defendants Paul Bengtson's, Mary Bengtson's, Sheila Schulthesz's, and Henry Schulthesz's Joinder in Defendant Vail Summit Resort's Motion for Leave to File Non-Party Designation (docket no. 121); [4] Defendants Paul Bengtson's, Mary Bengtson's, Sheila Schulthesz's, and Henry Schulthesz's Joinder in Defendant Vail Summit Resort's Motion for Leave to File Non-Party Designation (docket no. 122); [5] Defendant Vail Summit Resort, Inc.'s Motion for

F.R.C.P. [sic] 35 Physical Examinations and Requests for Expedited Briefing Scheduling and/or Forthwith Hearing (docket no. 114); [6] Defendant Monessen Hearth Systems Company's Joinder in Defendant Vail Summit Resort, Inc.'s Motion for F.R.C.P. [sic] 35 Physical Examinations and Requests for Expedited Briefing Scheduling and/or Forthwith Hearing (docket no. 117); [7] Defendants Paul Bengtson's, Mary Bengtson's, Sheila Schulthesz's, and Henry Schulthesz's Joinder in Defendant Defendant Vail Summit Resort's Motion for Leave to File Non-Party Designation (docket no. 120); and, [8] Defendants Paul Bengtson's, Mary Bengtson's, Sheila Schulthesz's, and Henry Schulthesz's Joinder in Defendant Vail Summit Resort, Inc.'s Motion for F.R.C.P. [sic] 35 Physical Examinations and Requests for Expedited Briefing Scheduling and/or Forthwith Hearing (docket no. 123).  The court has reviewed and considered the subject motions (docket nos. 108 110, 121, 122, 114, 117, 120, and 123), the responses (docket nos. 127 and 128) and the replies docket no. 131 and 132. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;
2. That venue is proper in the state and District of Colorado;
3. That each party has been given a fair and adequate opportunity to be heard;

4. That this matter was commenced on June 10, 2011. Defendants CFM Corp., 2089451 Ontario, Ltd., and CFM Canada (collectively the "Canadian Majestic Defendants") were dismissed voluntarily by plaintiffs on March 27, 2012 (docket no. 84). Defendant Vail Summit Resorts, Inc. now seeks to file nonparty designation for each of the Canadian Majestic Defendants;

6. That the negligence or fault of a nonparty may be considered if the "defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary." C.R.S. § 13-21-111.5(3)(b). The designation must include a "brief statement of the basis for believing such nonparty to be at fault." Id. Accordingly, the designation must give plaintiff sufficient notice of the nonparty's conduct so that plaintiff can prepare to address it. Fed. Deposit Ins. Corp. v. Isham, 782 F. Supp. 524, 530 (D. Colo. 1992);

7. That Vail Summit Resorts' designation (docket no. 108-1) relies primarily on allegations found in plaintiffs' second amended complaint (docket no. 34) to show the basis of the Canadian Majestic Defendants' fault;

8. That the allegations in plaintiffs' second amended complaint, combined with the designation itself, are sufficient to put plaintiffs on notice. Further, the designation was filed within ninety days of

        the Canadian Majestic Defendants becoming nonparties;

10. That given the above circumstances, leave for Vail Summit Resort to file the designation is appropriate;

11. That the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a);

12. That Vail Summit Resorts seeks to use Dr. Steven Moulton and Trudi Boulter to conduct the examination of plaintiff Stanton Smith. Dr. Moulton and Ms. Boulter originally treated Mr. Smith's injuries, but appear to no longer be involved in Mr. Smith's treatment. Plaintiffs object to the use of individuals involved in the treatment of Mr. Smith's injuries as Rule 35 examiners;

13. That the Tenth Circuit has not addressed the appropriateness of using treating physicians as Rule 35 examiners;

14. That Rule 35 "does not require that the examination be conducted by an independent examiner." Greenhorn v. Marriott Intern., Inc., 216 F.R.D. 649, 652 (D. Kan. 2003). While a defendant "does not have an absolute right to choose its examining doctor, the defendant's choice should be respected in the absence of a valid objection." Id. (quotations and citations omitted). A general allegation of bias is not a valid objection. See id. The court finds that similar reasoning is applicable to a plaintiff's choice of a Rule

        35 examiner;

15. That plaintiffs' objection to Dr. Moulton and Ms. Boulter is that there will be a conflict of interest due to their patient/physician relationship with Mr. Smith. Plaintiffs cite to the American Medical Association's Code of Medical Ethics for the proposition that physicians are required to put the needs of their patient above other interests. Plaintiffs also argue that Dr. Moulton and Ms. Boulter will be biased; and

16. That the court finds that plaintiffs have failed to put forth a valid objection. The court sees no inherent conflict. Dr. Moulton and Ms. Boulter are no longer treating Mr. Smith and therefore the Rule 35 examination cannot affect Mr. Smith's treatment. In addition, if Dr. Moulton and Ms. Boulter believe it would be unethical to perform the Rule 35 examination, they are free to decline to do so. Finally, the court notes that plaintiffs are free to impeach Dr. Moulton and Ms. Boulter as to any bias if plaintiffs wish to do so.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1. That Defendant Vail Summit Resort's Motion for Leave to File Non-Party Designation (docket no. 108) is GRANTED. The designation (docket no. 108-1) is deemed to have been filed as of the date of this order;

2. That Defendant Monessen Hearth Systems Company's Joinder in Defendant Vail Summit Resort's Motion for Leave to File Non-Party Designation (docket no. 110) is GRANTED;

3. That Defendants Paul Bengtson's, Mary Bengtson's, Sheila Schulthesz's, and Henry Schulthesz's Joinder in Defendant Vail Summit Resort's Motion for Leave to File Non-Party Designation (docket no. 121) is GRANTED;

4. That Defendants Paul Bengtson's, Mary Bengtson's, Sheila Schulthesz's, and Henry Schulthesz's Motion for Leave to File Non-Party Designation (docket no. 122) is GRANTED;

5. That Defendant Vail Summit Resort, Inc.'s Motion for F.R.C.P. [sic] 35 Physical Examinations and Requests for Expedited Briefing Scheduling and/or Forthwith Hearing (docket no. 114) is GRANTED;

6. That Defendant Monessen Hearth Systems Company's Joinder in Defendant Vail Summit Resort, Inc.'s Motion for F.R.C.P. [sic] 35 Physical Examinations and Requests for Expedited Briefing Scheduling and/or Forthwith Hearing (docket no. 117) is GRANTED;

7. That Defendants Paul Bengtson's, Mary Bengtson's, Sheila Schulthesz's, and Henry Schulthesz's Joinder in Defendant Defendant Vail Summit Resort's Motion for Leave to File Non-Party Designation (docket no. 120) is GRANTED;

8. That Defendants Paul Bengtson's, Mary Bengtson's, Sheila Schulthesz's, and Henry Schulthesz's Joinder in Defendant Vail Summit Resort, Inc.'s Motion for F.R.C.P. [sic] 35 Physical Examinations and Requests for Expedited Briefing Scheduling and/or Forthwith Hearing (docket no. 123) is GRANTED;

9. That absent agreement of the parties, Ms. Boulter shall not be allowed to videotape the Rule 35 examination; and

10. That each party shall pay their own attorney fees and costs for this motion.

Done this 14th day of August 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE